CITY OF BUSHNELL

v.,

MELVILLE F. METZ.

</div>

DAMAGES—INJURY ON SIDEWALK.—Damages for $800 for an injury to hand caused by a fall on a defective sidewalk. *Held*, that while a lesser sum would have accorded better with the court's view of the testimony, the court can not say that of the jury was clearly wrong.

APPEAL from the Circuit Court of McDonough county; the

Hon. S. P. Shope, Judge, presiding. Opinion filed December 4, 1885.

Messrs. Wheat & Imes, and Mr. T. J. Sparks, for appellant.

Mr. E. E. Chesney and Messrs. Tunnicliff & Bacon, for appellee.

Pleasants, J. In the sidewalk running east and west at the northeast corner of Main and Hurst streets, along the south side of a store building fronting west on Main, was an opening of about four by eight feet, for a basement or cellar stairway, starting at or very near the corner of the building and descending to the east. This was in the heart of the city of Bushnell, the postoffice being on the second lot east. Around the opening mentioned was a stone coping some six inches high, forming at the west end the upper step of the stairway, on which along the south side and east or back end was set a railing, nearly three feet in height, of upright iron rods sharpened to a point at the top and projecting an inch above the horizontal bar through which they passed. The city provided no light to reach this opening nor did any from any private source fall directly upon it. The street crossing from the west, much used, was six feet wide, raised a little and spreading as it approached the sidewalk, and its center line extended east would have run not over a foot south of the stairway.

From this statement it would seem that in the night time such an opening, so unguarded on the front and flanked by such a picket railing would be a source of danger to persons going east from the street crossing or turning the corner of the building from the north, unless they were quite familiar with the situation or used extraordinary care.

Appellee was a commercial traveler for a St. Louis house. Though he had visited the city of Bushnell several times at intervals of several months he was not particularly acquainted with its ways, and swore he had no recollection whatever of this particular feature. About seven o'clock in the evening of

December 20, 1881, which was misting, foggy and uncommonly dark, in going on east from the crossing referred to he stumbled against the coping at the entrance to the stairway, fell forward and downward three or four steps and impaled his hand upon one of the points of the side railing.

For the injury thus received he brought this suit and recovered judgment on a verdict for $800 damages and costs. The usual motion for a new trial was overruled.

Many witnesses were examined on both sides in relation to the opening and its surroundings, and to the effect of light from windows in the neighborhood, but appellee alone testified to the circumstances of the accident and the care he used before and at the time. His testimony, if believed, plainly showed a liability on the part of the city for the damages he sustained. Nobody else was in a position to contradict him directly, nor do we find in the record proof of any collateral fact requiring the jury to discredit him. It could not be plausibly contended that a finding for the plaintiff, upon all the evidence introduced, if it had been submitted under proper instructions and nothing had been improperly excluded, ought to be disturbed.

But it is claimed that the amount of damages assessed was excessive and that the court erred in twelve particulars specified—three in sustaining objection to questions put by counsel, one in an expression used to show the reason for a ruling, two in giving, two in refusing and four in modifying instructions asked.

We think neither of the points thus made is of sufficient novelty, difficulty or general interest to justify its discussion.

Two of the questions overruled called for mere opinion and the third for matter that was wholly irrelevant.

The instruction, No. 4, that due proof of the material allegations in any one of the four counts in the declaration would entitle the plaintiff to recover, was unobjectionable in itself, and the allegations thus referred to were sufficiently indicated in others. No. 5 simply and correctly stated what was meant by "ordinary care" on the part of the plaintiff.

Of the two refused, one was a repetition of another that

was given (No. 8) without its modification, and the other, proper in itself, was substantially given in several.

The modifications were in every instance an improvement of the original form.

We perceive no error in any of these rulings nor any serious impropriety in the remarks of the judge to which exception was taken.

Some hesitation has been felt on account of the damages assessed. A lesser sum would have better accorded with our view of the testimony but we can not say that of the jury was clearly wrong.

